ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2022-Jun-10 12:12:27
46CV-22-253
C08SD01 : 6 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## CIVIL DIVISION

| | | |
|---|---|---|
| **JESSICA SANDERS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **NO. _____** |
| | § | |
| **DOLLAR GENERAL CORPORATION;** | § | |
| **and DOLGENCORP, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, JESSICA SANDERS, and files this Complaint against Defendants, DOLLAR GENERAL CORPORATION and DOLGENCORP, LLC, and in support of her Complaint, she alleges as follows:

## THE PARTIES

1.     Plaintiff, Jessica Sanders (hereinafter referred to as "Plaintiff" or "Jessica Sanders") is a citizen and resident of Miller County, Arkansas.

2.     On information and belief, Defendant, Dollar General Corporation (hereinafter referred to as "Dollar General") is and at all relevant times herein, was a corporation organized and existing under the laws of the State of Tennessee doing business in Arkansas.  Dollar General's principal place of business is 100 Mission Ridge, Goodlettsville, Tennessee 37072-2171.  The agent for service of process for Dollar General is Corporation Service Company, 2908 Poston Ave., Nashville, Tennessee, 37203-1312.

3.     On information and belief Defendant, Dolgencorp, LLC (hereinafter referred to as "Dolgencorp") is and at all relevant times herein, was a limited liability company organized and existing under the laws of the State of Kentucky doing business in Arkansas.  Dolgencorp's

**EXHIBIT A**

principal place of business is 100 Mission Ridge, Goodlettsville, Tennessee 37072-2171. The agent for service of process for Dolgencorp is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, Arkansas, 72201.

## JURISDICTION AND VENUE

4.      The subject matter jurisdiction and venue are proper in the Court because Plaintiff was a resident of Miller County at the time of the incident and the events which are the subject of this complaint occurred in Miller County, Arkansas pursuant to A.C.A. § 16-60-112.

## FACTS

5.      Plaintiff would show that on or about August 21, 2019, at approximately 9:40 p.m., she entered the Dollar General store located at 726 N Kenneth Jenkins Expressway in Fouke, Arkansas 71837 (hereinafter referred to as the "Incident Store") to purchase a container of juice.

6.      As Plaintiff kneeled down to reach for a container of juice in the beverage aisle, a Dollar General store employee named Cara, last name unknown at this time, approached the same aisle location as Plaintiff. The employee proceeded to use the bottom ledge of the beverage aisle shelving unit as a step and reached over Plaintiff's head to retrieve an item.

7.      While Plaintiff was still kneeling, the Dollar General store employee knocked a glass jar of coffee onto the floor, which shattered directly beside Plaintiff projecting glass and debris into Plaintiff's eyes.

8.      Consequently, the Dollar General employee's actions caused Plaintiff, Jessica Sanders, to suffer personal injuries, requiring immediate medical attention.

9.      An Incident Report was completed for Dollar General's Risk Management department. Plaintiff was contacted by Justin Comer, Senior Claims Representative regarding her injuries.

Plaintiff's Original Complaint                                                                                          2

10.     Plaintiff is still suffering from eye complications and requires medical care on this present day.

## CAUSES OF ACTION

### COUNT I
### PREMISIS LIABILITY

11.     Plaintiff re-alleges Paragraphs 1 through 10 and incorporates them here by reference.

12.     Plaintiff contends that she was a business invitee at the time of the injuries described above because she was a customer of the Incident Store on the date described above.

13.     Because the Incident Store's business was open to the public, the Defendants owed Plaintiff a duty of ordinary care to warn Plaintiff, and/or make reasonably save to any unknown dangers condition, and/or reduce or eliminate any unreasonable risk of harm to Plaintiff while Plaintiff was present in the Incident Store.

14.     Plaintiff would show that the Incident Store was owned and operated by the Defendants, and that Defendants breached a duty of ordinary care owed to the Plaintiff as a business invitee of the Incident Store.  More specifically, Plaintiff contends that the incident occurred because the Defendants committed various acts or omissions that were a proximate cause of the injuries and damages sustained by the Plaintiff, which include, but are not limited to the following:

a.   Creating a dangerous condition for Plaintiff;

b.   Failing to make the dangerous condition safe after Defendants knew or should have known that the condition was unsafe;

c.   Failing to maintain a safe environment on the property of the Incident Store;

    d.   Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and other patrons of the Incident Store;

    e.   Failing properly supervise operation of the Incident Store;

    f.   Failing to properly train its employees; and

    g.   Failing to warn or give notice to Plaintiff of any unreasonable risk of harm to Plaintiff and negligently failing to make reasonably safe to any unknown dangerous condition in letting an employee climb shelving and reach above Plaintiff's head with glass containers overhead.

## COUNT II
## GROSS NEGLIGENCE

15.    Plaintiff re-alleges Paragraphs 1 through 14 and incorporates them here by reference.

16.    The wrongful acts and omissions of the Defendants as described above is the type of conduct for which the law allows the imposition of exemplary damages in that it constitutes gross negligence.  When viewed objectively from Defendants' standpoint at the time of the occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to other, and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.  Therefore, Plaintiff seeks exemplary damages from the Defendants in an amount to be determined by the trier of fact.

## DAMAGES

17.    As a direct and proximate result of the negligent actions and/or inactions of Defendants, Plaintiff sustained physical injuries.  These injuries have caused the Plaintiff to suffer from the following damages, including but not limited to:

a.  Physical pain suffered in the past, which will in all reasonable probability continue into the future;

b.  Emotional distress suffered in the past, which will in all reasonable probability continue into the future;

c.  Mental anguish suffered in the past, which will in all reasonable probability continue into the future;

d.  Reasonable and necessary medical expenses in the past, and such reasonable and necessary medical expenses will in all reasonable probability incur in the future;

e.  Physical impairment in the past;

f.  Loss of earnings;

g.  Loss of enjoyment of life;

h.  Inconvenience;

i.  Exemplary damages;

j.  Pre and post-judgment interest at the lawful rate as applicable under the law, and;

k.  Any and all other legal and proper relief.

18.   Plaintiff specifically preserves any and all rights and opportunities to amend this Complaint, including but not limited to specifically setting forth facts supporting claims for punitive damages against Defendants.

## **PRAYER**

**WHEREFORE,** Plaintiff prays for judgment against Defendants as appropriate under Arkansas law for compensatory damages as the proof may establish, for costs herein, for reasonable attorney's fees, prejudgment interest if appropriate at the highest rate allowed by law, interest on the judgment at the highest rate allowed by law, and any other legal and necessary relief

to which Plaintiff is entitled, all of which is far in excess of any amount necessary to invoke the jurisdiction of this Court.

Respectfully Submitted,

Matt Keil
Arkansas Bar No. 86099
mkeil@kglawfirm.com

Erin M. Keil
Arkansas Bar No. 2020060
ekeil@kglawfirm.com

KEIL LAW FIRM, PLLC
406 Walnut Street
Texarkana, AR 71854
Telephone:  (870) 772-4113
Facsimile:   (870) 773-2967

By: */s/ Matt Keil*
     Matt Keil

**ATTORNEYS FOR PLAINTIFFS**

**IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS**
**EIGHT SOUTH CIRCUIT DIVISION 1**

JESSICA SANDERS V DOLLAR GENERAL CORP & DOLGENCORP

46CV-22-253

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

DOLLAR GENERAL CORPORATION
CORPORATION SERVICE COMPANY
2908 POSTON AVE.
NASHVILLE, TN  37203-1312

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matt Keil
Keil Law Firm, PLLC
406 Walnut Street
Texarkana, AR  71854

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Address of Clerks Office

MARY PANKEY, CIRCUIT CLERK
CIRCUIT COURT OF MILLER COUNTY
412 LAUREL STREET #109
TEXARKANA, AR  71854

Penny Kilcrease, DC

Date: 06/10/2022

No. 46CV-22-253 This summons is for DOLLAR GENERAL CORPORATION (name of Defendant).

## PROOF OF SERVICE

❏ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❏ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❏ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❏ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❏ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❏ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
EIGHT SOUTH CIRCUIT DIVISION 1**

JESSICA SANDERS V DOLLAR GENERAL CORP & DOLGENCORP

46CV-22-253

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

DOLGENCORP, LLC
CORPORATION SERVICE COMPANY
300 SPRING BUILDING, SUITE 900
300 S. SPRING ST.
LITTLE ROCK, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matt Keil
Keil Law Firm, PLLC
406 Walnut Street
Texarkana, AR  71854

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Address of Clerks Office

MARY PANKEY, CIRCUIT CLERK
CIRCUIT COURT OF MILLER COUNTY
412 LAUREL STREET #109
TEXARKANA, AR  71854

Penny Kilcrease, DC

Date: 06/10/2022

No. 46CV-22-253 This summons is for DOLGENCORP, LLC (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____ [name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2022-Jun-16  13:10:58
46CV-22-253
C08SD01 : 5 Pages

IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
CIVIL DIVISION

JESSICA SANDERS                                                              PLAINTIFF

VS.                                CASE NO. 46CV-22-253

DOLLAR GENERAL CORPORATION;
and DOLGENCORP, LLC                                                          DEFENDANTS

## ANSWER

Dollar General Corporation and Dolgencorp, LLC (hereinafter collectively "Defendants"), for their answer to plaintiff's complaint, state:

1.      Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 1 of plaintiff's complaint and, therefore, deny those allegations.

2.      Defendants admit the allegations in paragraph 2 of plaintiff's complaint. Defendants affirmatively state, however, that Dollar General Corporation does not own or operate the Dollar General store at issue in this case and that the only proper defendant is Dolgencorp, LLC.

3.      Defendants admit the allegations in paragraph 3 of plaintiff's complaint.

4.      Defendants admit proper jurisdiction and venue; however, Defendants affirmatively state that discovery may reveal that this case is appropriate for removal to federal court and Defendants do not waive any right to seek such removal.

5.      Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 5 of plaintiff's complaint and, therefore, deny those allegations.

6.     Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 6 of plaintiff's complaint and, therefore, deny those allegations.

7.     Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 7 of plaintiff's complaint and, therefore, deny those allegations.

8.     Defendants deny the allegations in paragraph 8 of plaintiff's complaint.

9.     Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 9 of plaintiff's complaint and, therefore, deny those allegations.

10.     Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 10 of plaintiff's complaint and, therefore, deny those allegations.

11.     Paragraph 11 of plaintiff's complaint does not contain any factual allegations that require an admission or denial by Defendants; however, to the extent paragraph 11 of plaintiff's complaint is ever construed as containing factual allegations against Defendants, Defendants deny those allegations.

12.     Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 12 of plaintiff's complaint and, therefore, deny those allegations.

13.     Defendants admit that Dolgencorp, LLC owes a duty to its business invitees to use ordinary care to maintain its store premises in a reasonably safe condition. Defendants deny the remaining allegations in paragraph 13 of plaintiff's complaint.

14.     Defendants admit that Defendant Dolgencorp, LLC owns and operates the "Incident Store" as that phrase is defined in plaintiff's complaint. Defendants deny the remaining allegations in paragraph 14 of plaintiff's complaint, including subparagraphs (a) through (g).

15.     Paragraph 15 of plaintiff's complaint does not contain any factual allegations that require an admission or denial by Defendants; however, to the extent paragraph 15 of plaintiff's

complaint is ever construed as containing factual allegations against Defendants, Defendants deny those allegations.

16.    Defendants deny the allegations in paragraph 16 of plaintiff's complaint and specifically deny that plaintiff is entitled to exemplary damages from Defendants.

17.    Defendants deny the allegations in paragraph 17 of plaintiff's complaint, including subparagraphs (a) through (k).

18.    Paragraph 18 of plaintiff's complaint does not contain any factual allegations that require an admission or denial by Defendants; however, to the extent paragraph 18 of plaintiff's complaint is ever construed as containing factual allegations against Defendants, Defendants deny those allegations.

19.    Defendants deny that plaintiff is entitled to the relief sought in the WHEREFORE paragraph of plaintiff's complaint.

20.    Defendants demand a jury trial.

21.    Defendants deny each and every allegation in plaintiff's complaint not expressly admitted in this answer.

22.    Defendants reserve the right to amend pleadings, including this answer, and to file other pleadings as appropriate.

23.    Defendants specifically assert that the complaint fails to state a claim upon which relief can be granted and should therefore be dismissed with prejudice pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

24.    Defendants deny that plaintiff sustained any damages while on the premises of any Dollar General store; however, if any damages were sustained, they were caused by the fault or negligence of plaintiff or some other person over whom Defendants had no control.

25.      Defendants affirmatively assert that plaintiff's claims for exemplary or punitive damages are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, the Arkansas Constitution, and/or other applicable state constitutions.

26.      Defendants affirmatively assert the defense of contributory negligence, comparative fault, and assumption of the risk.

27.      Defendants affirmatively assert the defense of all applicable statutes of limitation.

28.      Defendants affirmatively assert all defenses authorized by the Arkansas Code Annotated and common law to each of the causes of action pleaded by plaintiff in the complaint.

WHEREFORE, Defendants Dollar General Corporation and Dolgencorp, LLC pray that this Court enter judgment in favor of Dollar General Corporation and Dolgencorp, LLC dismissing plaintiff's complaint with prejudice and awarding Dollar General Corporation and Dolgencorp, LLC all other relief to which it is entitled.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1700
Facsimile: (501) 379-1701
lohara@qgtlaw.com
twilliams@qgtlaw.com

By: *Laura L. O'Hara*
      Laura L. O'Hara (Bar No. 2021150)
      Thomas G. Williams (Bar No. 88186)

*Attorneys for Dolgencorp, LLC and Dollar General Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of June 2022, a true and correct copy of the foregoing document was filed with the Circuit Court utilizing its eFlex electronic filing system, which will send notice of such filing to all counsel of record as follows:

Matt Keil
Erin M. Keil
KEIL LAW FIRM, PLLC
406 Walnut Street
Texarkana, AR 71854
Phone: (870) 772-4113
Fax:  (870) 773-2967
mkeil@kglawfirm.com
ekeil@kglawfirm.com


Laura L. O'Hara

ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2022-Jun-22  14:36:31
46CV-22-253
C08SD01 : 2 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## CIVIL DIVISION

**JESSICA SANDERS**                    §
                                       §
    **Plaintiff,**                  §
                                       §
**VS.**                                §        **NO. 46CV-22-253**
                                       §
**DOLLAR GENERAL CORPORATION;**        §
**and DOLGENCORP, LLC**                §
                                       §
    **Defendants.**                 §

## MOTION FOR VOLUNTARY NONSUIT OF SEPARATE DEFENDANT

COMES NOW Plaintiff, Jessica Sanders, and for her Motion for Voluntary Nonsuit would respectfully show unto the Court as follows:

### I.

Pursuant to Rule 41 of the Arkansas Rules of Civil Procedure, Plaintiff, Jessica Sanders, moves for Voluntary Dismissal of Separate Defendant, Dollar General Corporation, in this cause without prejudice and requests this Court to enter an Order granting such.

WHEREFORE, Plaintiff, Jessica Sanders, prays that the Court enter an Order granting her Motion for Voluntary Nonsuit of Separate Defendant, Dollar General Corporation, and for all other just and proper relief to which she may be entitled.

Respectfully Submitted,

Matt Keil
Arkansas Bar No. 86099
mkeil@kglawfirm.com

Erin M. Keil
Arkansas Bar No. 2020060
ekeil@kglawfirm.com

KEIL LAW FIRM, PLLC
406 Walnut Street
Texarkana, AR 71854
Telephone: (870) 772-4113
Facsimile: (870) 773-2967

By: */s/ Matt Keil*
     Matt Keil

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document was filed with the Circuit Court utilizing its eFlex electronic filing system, which will send notice of such filing to all counsel of record as follows:

Laura L. O'Hara
Thomas G. Williams
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Phone: 501-379-1700
Facsimile: 501-379-1701
lohara@qgtlaw.com
twilliams@qgtlaw.com

*/s/ Matt Keil*
MATT KEIL

ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2022-Jun-23  09:11:15
46CV-22-253
C08SD01 : 1 Page

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## CIVIL DIVISION

**JESSICA SANDERS**                §
                                   §
    **Plaintiff,**              §
                                   §
**VS.**                            §          **NO. 46CV-22-253**
                                   §
**DOLLAR GENERAL CORPORATION;**    §
**and DOLGENCORP, LLC**            §
                                   §
    **Defendants.**            §

### ORDER OF DISMISSAL FOR VOLUNTARY NONSUIT OF SEPARATE DEFENDANT

On this day came on to be heard the motion of Plaintiff, Jessica Sanders, for Voluntary Nonsuit of Separate Defendant, Dollar General Corporation, without prejudice, and the Court being well and sufficiently advised therein grants said motion.

**IT IS THEREFORE ORDERED** that the case against Separate Defendant, Dollar General Corporation, is dismissed, without prejudice.


Honorable Judge Presiding